**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5020**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RAYNARD D. WILLIAMS,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:11-cr-00037-DCN-1)

———————

Submitted: March 29, 2012         Decided: April 2, 2012

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raynard D. Williams pled guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 188 months' imprisonment. Williams noted a timely appeal.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that she has found no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Williams' guilty plea and whether the sentence imposed was reasonable. Although informed of his right to file a pro se supplemental brief, Williams has not done so. We affirm.

We have reviewed the transcript of Williams' guilty plea hearing and find that the district court fully complied with the mandates of Rule 11. The court ensured that Williams understood the charges against him, the potential sentence he faced, and the rights he was giving up by pleading guilty. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, Williams entered his plea knowingly and voluntarily, and the plea was supported by a sufficient factual basis. Id. at 119-20.

We review Williams' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires

2

consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Williams has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm Williams' conviction and sentence. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED